[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR ORDER TO SHOW CAUSE
The plaintiffs Christopher Shuckra and Juan Santiago, both proceeding pro se, are sentenced prisoners in the custody of the Connecticut Commissioner of Correction, Mr. Shuckra at Enfield C. I. and Mr. Santiago at McDougall C. I. They have instituted a lawsuit against the following parties: BIC Corporation; Bruno Bich and Raymond Winter, alleged to be corporate officers of BIC Corporation; and John J. Armstrong, CT Page 14611 Commissioner of Correction. The plaintiffs allege that the defendants have conspired to sell defective ball point pens to inmates through prison commissaries operated by the Connecticut Department of Correction. The plaintiffs seek damages in the amount of $275,000.
The defendants have all filed appearances by counsel. Due process requires that this court await their response to the merits of the lawsuit.
But meanwhile the plaintiffs have filed a Motion for Temporary Restraining Order compelling the defendant Armstrong 1) to allow them to communicate with one another on litigation strategy;" 2) to allow them to possess legal papers of one another related to this case including legal papers on "criminal matters (including criminal appeals);" and 3) to refrain from transferring either of them outside the jurisdiction. They ask in a letter to the clerk that the court set a hearing date for the Motion. The court declines to set a hearing date on this motion.
The fact that the plaintiffs have either separately or jointly decided to file a regular civil lawsuit for money damages does not mean that the ordinary security procedures of the Department of Correction are suspended pendente lite. Moreover, the court notes that the plaintiff Christopher Shuckra has already been afforded an evidentiary hearing on the very issues on which he now seeks injunctive relief in this case, namely DOC administrative directive 10.7 — Inmate Communications.[1]
See, Shuckra v. Armstrong, Connecticut Superior Court D. N. 98 0580978, Judicial District of Hartford-New Britain, March 9, 1999 (Lavine, J.). In that matter and in Shuckra v. Armstrong, 3:98CV397, United States District Court, District of Connecticut, February 16, 1999 (Martinez, Fed. Mag. J.), the plaintiff has been told that the courts will not interfere with the day-to-day running of prisons. See Turner v.Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). This court declines to afford another opportunity, albeit in the context of a lawsuit about the sale of pens in prison, for the plaintiff and his co-litigant to engage in a fruitless quest to shop for a judge who will buy their argument.
The Motion sets forth no set of facts in the framework of this litigation that would compel or even allow the court to grant the injunctive relief requested by the plaintiffs. The reasoning of the judicial decisions cited above is persuasive. No further hearing is required. The Motion for Temporary Restraining Order is denied.
Patty Jenkins Pittman, Judge